IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

JESSICA LAMAR, on behalf of herself )
and all others similarly situated, )
 )
       Plaintiff, )
 )
  vs. )
 )
BLATT, HASENMILLER, LEIBSKER )
& MOORE, LLC; and PORTFOLIO RECOVERY )
ASSOCIATES, LLC, )
 )
       Defendants. )

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Jessica Lamar brings this action to secure redress from unlawful debt collection practices committed by defendants Blatt, Hasenmiller, Leibsker & Moore, LLC, ("Blatt") and Portfolio Recovery Associates, LLC ("PRA"). Plaintiff alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes

the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D. Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## JURISDICTION AND VENUE

7. Subject matter jurisdiction exists under 15 U.S.C. §1692k, and 28 U.S.C. §§1331 and 1337.

8. Venue is proper in this district because:

    a. Defendants do business in this district;

    b. Defendants' collection correspondence was sent to plaintiff in this district;

    c. Defendant PRA files numerous lawsuits against consumers in this district;

    d. Defendant Blatt files numerous lawsuits against consumers in this district on behalf of its clients.

## PARTIES

9. At all relevant times, plaintiff Jessica Lamar was a citizen of, and resided in, Moline, Illinois.

10. Blatt is a law firm organized as an Illinois limited liability company with offices at 10 S. LaSalle Street, Suite 2200, Chicago, IL 60603.

11. Blatt is engaged in the collection of allegedly delinquent consumer debts originally owed to others.

12. Blatt uses the mails and telephone system in conducting its business.

13. PRA is a Delaware limited liability company, and its principal offices are located at 120 Corporate Boulevard, Norfolk, Virginia 23502. It does business in Illinois. Its registered agent is Illinois Corporation Service, 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

14. PRA is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

15. PRA is a debt collector as defined in the FDCPA.

16. Each defendant is a "debt collector" as defined in the FDCPA, 15 U.S.C. §1692a(6).

**FACTS**

17. Prior to February 5, 2015, plaintiff opened a credit card account with GE Money Bank, F.S.B..

18. Plaintiff used the card to make purchases which were primarily for personal, family, or household purposes.

19. Due to family issues, Plaintiff was unable to work for a period of time, and she was unable to continue making timely payments on the account.

20. On or about February 5, 2015, PRA, represented by Blatt, brought a lawsuit against plaintiff in the Circuit Court of Rock Island County, Illinois to collect on the GE Money Bank F.S.B. account.

21. Defendants subsequently obtained a judgment and court costs against plaintiff in the amount of $742.73 ("the debt").

22. On or about February 7, 2017, Blatt, acting on behalf of PRA, sent plaintiff a letter seeking to collect the debt. A true and correct copy of the letter is attached hereto as <u>Exhibit A</u>.

23. The letter states that the balance due as of February 7, 2017 was $908.73.

24. The letter offers to settle the alleged debt for 60% of $908.73, with payment due within thirty days of the date of the letter

25. The letter also invites plaintiff to contact Blatt with a proposal for other payment arrangements.

26. The letter also states:

Whenever $600 or more in principal of debt is discharged as a result of settling a debt for less than the balance owing, the creditor may be required to report the amount of the debt discharged to Internal Revenue Service on a 1099c form, a copy of which would be mailed to you by the creditor. If you are uncertain of the legal or tax consequences, we encourage you to consult your legal or tax advisor.

27. On March 31, 2017, less than 60 days after receiving the letter, plaintiff filed a petition for relief under Chapter 7 of the Bankruptcy Code, case 2017-80463 (C.D. Ill.). (Plaintiff's claim in this case was exempted.)

28. For some time prior to the date plaintiff received the February 7, 2017 letter, continuing through the date she filed a bankruptcy proceeding, plaintiff was insolvent, owing substantial sums to numerous creditors, debt collectors, and collection lawyers.

## VIOLATION ALLEGED

29. The Internal Revenue Code, 26 U.S.C. §6050P, and Treasury Regulations, 26 C.F.R. §1.6050P-1 requires reporting of certain discharges of indebtedness.

30. The Internal Revenue Code and Treasury Regulations also treat the discharge of indebtedness (whether the discharge has to be reported to the Internal Revenue Service or not) as giving rise to taxable income.

31. The Internal Revenue Code and Treasury Regulations do not require the reporting:

   a. Of the discharge of indebtedness that is interest or other non-principal amounts, 26 C.F.R. §§1.6050P-1(d)(2) and (3);

   b. Of the discharge of principal not exceeding $600.

   c. Of the discharge of consumer indebtedness in bankruptcy.

32. The receipt of income from the discharge of indebtedness can have tax consequences in the form of taxable income.

33. However, in some instances, the discharge of indebtedness does not lead to taxable income.

34. No taxable income results from the discharge of indebtedness if:

   a. The discharge occurs through bankruptcy;

   b. The debtor is insolvent even if not a bankruptcy debtor;

   c. The debt is disputed.

35. Many, if not most, persons who are unable to pay credit card and similar personal debts are insolvent and will not realize taxable income from the discharge of such debts.

36. It is thus entirely possible for a creditor to forgive $600 or more of a debt and yet not be required to file an IRS Form 1099C.

37. It is thus entirely possible for a creditor to forgive $600 or more of a consumer's debt without the consumer incurring any taxable income.

38. Referring to tax consequences in a collection letter is intimidating and misleading, suggesting to the unsophisticated consumer that failure to pay the debt will give rise to problems with the Internal Revenue Service ("IRS").

39. <u>Exhibit A</u> misleads the unsophisticated consumer by implying that:

    a. Unless the consumer pays the entire amount that the defendant alleges is owed on the alleged debt, the consumer could be reported to the IRS.

    b. Unless the consumer pays the entire amount the letter alleges is owed for the debt, the consumer is going to have to pay taxes on the unpaid balance.

40. Defendants voluntarily choose to give the tax advice found in <u>Exhibit A</u>. No law or regulation obligates defendants to include the statement complained of in collection letters.

### COUNT I – FDCPA

41. Plaintiff incorporates paragraphs 1-40.

42. Defendants violated 15 U.S.C. §§1692e, 1692e(2) and 1692e(10) by representing in <u>Exhibit A</u> that "Whenever $600 or more in principal of debt is discharged as a result of settling a debt for less than the balance owing, the creditor may be required to report the amount of the debt discharged to Internal Revenue Service on a 1099c form, a copy of which would be mailed to you by the creditor. If you are uncertain of the legal or tax consequences, we encourage you to consult your legal or tax advisor."

43. Misrepresentation of a debtor's rights or liabilities under the Internal Revenue Code in connection with the collection of a debt is an FDCPA violation. *Kaff v. Nationwide Credit, Inc.*, 13cv5413, 2015 WL 12660327 (E.D.N.Y., March 31, 2015); *Wagner v. Client Servs., Inc.,* 08cv5546, 2009 WL 839073, at *4 (E.D. Pa. Mar. 26, 2009); *Good v. Nationwide Credit, Inc.,* 14cv4295, 2014 WL 5422103, at *3 (E.D. Pa. Oct. 24, 2014); *Kuehn v. Cadle Co.*,

5:04cv432, 2007 U.S. Dist. LEXIS 25764 (M.D.Fla., April 6, 2007).

## CLASS ALLEGATIONS

44. Plaintiff seeks to represent two claims pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

45. Class A includes (a) all individuals with Illinois addresses (b) to whom Blatt sent a letter offering a settlement (c) which letter stated that the settlement might have tax consequences, (d) and the letter was sent on or after one year prior to date this complaint was filed and on or before 21 days after this complaint was filed.

46. Class B includes (a) all individuals with Illinois addresses (b) to whom PRA or its agents or attorneys sent a letter offering a settlement (c) which letter stated that the settlement might have tax consequences, (d) and the letter was sent on or after one year prior to date this complaint was filed and on or before 21 days after this complaint was filed.

47. On information and belief, each class contains at least 40 individual members, making joinder of all members impracticable.

48. There are questions of law and fact common to members of both classes, which predominate over any individualized questions. The common and predominant question is whether defendants' statement regarding IRS reporting is false or misleading.

49. Plaintiff's claim is typical of the claims of the class members, as it is based on the same facts and legal theories as claims held by class members.

50. Plaintiff will fairly and adequately represent the class members. Plaintiff has the same interests in pursuing relief for defendants' illegal conduct as class members have, and has no claims antagonistic to class' members claims. Plaintiff has retained counsel experienced in class actions and FDCPA litigation who can and will vigorously prosecute the litigation.

51. A class action is superior to other claim resolution methods, because individual

actions (on the same facts and law) are not economically feasible, members of the classes are likely to be unaware of their rights, and Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment for plaintiff and the class members and

      i.    statutory damages,

      ii.    attorney's fees, litigation expenses and costs of suit, and

      iii.    all other proper relief.

/s/ Daniel A. Edelman

Daniel A. Edelman (IL Bar #00712094)
Cathleen M. Combs (IL Bar #00472840 )
James O. Latturner (IL Bar #01588095)
Francis R. Greene (IL Bar #6272313)
Attorneys for Plaintiff
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
Telephone: (312) 739-4200
Facsimile: (312) 419-0379
Email address for service: courtecl@edcombs.com

**NOTICE OF LIEN AND ASSIGNMENT**

      Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                  /s/ Daniel A. Edelman
                                  Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

**DOCUMENT PRESERVATION DEMAND**

      Plaintiff hereby demands that defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to her. These materials are likely very relevant to the litigation of this claim. If defendants are aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendants request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of defendants.

      /s/ Daniel A. Edelman
      Daniel A. Edelman